Filed 3/14/16  P. v. Kirkpatrick CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078426 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F04342) |
| v. | |
| JASON BARTON KIRKPATRICK, | |
| Defendant and Appellant. | |

On May 28, 2013, defendant, wearing a handkerchief over his face and latex gloves, walked into a California Sun Center, pointed a gun at the employees and a customer, told them to "get on the ground," and demanded money.  After yelling at the employees for not having enough money and being unable to open the safe, defendant left with approximately $50 to $70 from the register.  The robbery was recorded on surveillance video.

On May 30, 2013, defendant, wearing a mesh bandage on his face and a glove on one hand, walked into a CVS pharmacy, shoved a gun in the cashier's face, and

1

repeatedly demanded she open the drawer or he would shoot her. Defendant took approximately $260 from the register and fled. The robbery was recorded on surveillance video.

On June 14, 2013, defendant, wearing white material covering his face, walked into a Life Uniform store carrying a gun, told a customer to get on the floor, and demanded the manager open the register. Defendant left with between $200 to $300 from the register. The robbery was recorded on surveillance video, although the quality was not very good.

On June 15, 2013, defendant, wearing a towel wrapped around his face and a white glove, walked into Uniform Advantage, pointed a gun in a sales associate's face, and told her to get everything out of the register. The sales associate accidentally locked, rather than opened, the drawer, which caused defendant to become flustered and he raised his voice, repeating, "Open the drawer. Give me everything. Give me all the cash." Defendant then ordered another sales associate to open her drawer, which she did. Defendant left with approximately $150 in cash from each register. The robbery was recorded on surveillance video.

On June 15, 2013, defendant, wearing a bandana over his face and latex gloves, walked into Cosmo Professional Beauty Supply, pointed a gun at everyone in the business, told everyone to get down on the ground, and said he wanted the money from all of the registers. The assistant manager told defendant there was no money in register three and gave him the money from register two. Defendant then demanded all the "drops" from the day and all the money from register one. The assistant manager gave him the money from register one and informed defendant there were no "drops." Defendant left with approximately $150 in cash from each register. The robbery was recorded on surveillance video.

On June 17, 2013, defendant, wearing a bandana or rag over his face, walked into an Aaron Brothers store carrying a gun, and announced, "this is happening right now."

2

He told the employees "to get down," which they did, and then defendant said, "[g]o get the cash." One of the employees got up and opened one of the two cash registers and gave defendant the cash. Defendant asked about the other register and the employee demonstrated that the register was broken and would not open. Defendant said he was going to shoot it open and told the employee to get down. Instead, defendant left with approximately $150 from the single register.

A jury found defendant guilty of 10 counts of second degree robbery. Prior conviction allegations were tried to the court, after which the trial court found defendant had seven prior robbery convictions, each qualifying as a prior strike conviction.

Sentencing took place on November 7, 2014, immediately following the court trial on the prior convictions. The trial court sentenced defendant to 10 consecutive terms of 25 years to life, for a total indeterminate term of 250 years to life. The trial court also imposed a consecutive five years on each count for the serious felony prior, for a total determinate term of 50 years in state prison. Defendant was also ordered to pay a $300 restitution fine, victim restitution, and various mandatory fines and fees. Defendant was awarded 562 days of presentence custody credit. A subsequently filed motion to dismiss defendant's prior strike convictions pursuant to *Romero*[1] was denied.

Defendant appeals. Appointed counsel for defendant Jason Barton Kirkpatrick has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[2] (*People v. Wende* (1979) 25 Cal.3d 436.)

---

[1] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[2] Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/s/
Robie, J.

We concur:

/s/
Blease, Acting P. J.

/s/
Hull, J.